UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61040-CIV-MARRA/JOHNSON

CHANTELL K. CLAIRMONT,
as personal representative of the
estate of Louis Clairmont, deceased,

      Plaintiff,

vs.

SUN TERMINALS, INC., KING
OCEAN SERVICES LIMITED
(CAYMAN ISLAND) INCORPORATED,
BERULAN SHIPPING COMPANY, LIMITED,
REEDEREI ANTARTICO MS "BERULAN"
Gmbh & Co KG, RICKMERS REEDERIE
GmbH & Cie KG, and PORT EVERGLADES
AUTHORITY,

      Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff Chantell K. Clairmont's Motion to Strike

Affidavit [DE 41]. The Court has carefully considered the motion and is otherwise fully advised

in the premises.

Plaintiff Chantell K. Clairmont's ("Clairmont" "Plaintiff") seeks to strike the affidavit of

Matthew Francis provided by Defendant Sun Terminals, Inc. ("Sun Terminals" "Defendant") in

support of its motion for summary judgment.  Clairmont states that Sun Terminals failed to

disclose Francis as a witness, that Sun Terminals filed the affidavit with its reply memorandum,

that Clairmont seeks to depose Francis, and that Francis is not qualified to offer opinion

testimony. (Pl. Mot. 1-2.)  In the alternative, Clairmont seeks to take the deposition of Francis.

In response, Sun Terminals states that the Francis affidavit should be considered because it "merely supplements the record and raises no new issues or arguments." (Def. Resp. 2.)  After careful review of the motion , the Court has determined that, as opposed to striking the affidavit, the best course is to permit Clairmont to take the deposition of Francis.

A non-moving party may move for a continuance to obtain further evidence where additional discovery would enable the non-movant to carry its burden on summary judgment. See Fed. R. Civ. P. 56(f); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 n.3 (11th Cir. 1993). In ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record."  WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988).   Moreover, "the opposing party does not need to file an affidavit pursuant to Rule 56(f) in order to invoke the protection of that rule because 'the written representation by [the opposing party's] lawyer, an officer of the court, is in the spirit of Rule 56(f) under the circumstances.'" Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 570 (11th Cir. 1990) quoting Snook v. Trust Co., 859 F.2d 865, 870 (11th Cir. 1988).

Here, Clairmont was not provided with the opportunity to depose Francis. Indeed, Clairmont did not know that Sun Terminals' Motion for Summary Judgment rested in part on Francis' affidavit until Sun Terminals filed its reply memorandum.  In order for Clairmont to meaningfully oppose Sun Terminals' Motion for Summary Judgment, she must be provided the opportunity to depose Francis. This is particularly critical given that Sun Terminals seeks a ruling of full summary judgment in its favor.

As such, the Court grants Clairmont the opportunity to depose Francis and file a sur-reply to the Sun Terminals' reply memorandum.  The Court, however, rejects Clairmont's request to refrain from conducting Francis' deposition until the recently added Defendants have appeared in

this action.  The Court does not see, nor does Clairmont provide, any reason to delay this

deposition and a ruling on Sun Terminals' Motion for Summary Judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that  Plaintiff Clairmont's

Motion to Strike Affidavit [DE 41]is **DENIED**.  Clairmont is granted leave to conduct the

deposition of Francis **within thirty days of the date of entry of this Order**.  **Within ten days**

**of conducting the deposition**, Clairmont may file her sur-reply to Sun Terminals' reply

memorandum.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida

this 25th  day of February 2007.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies to:

All counsel of record