UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61040-CIV-MARRA

CHANTELL K. CLAIRMONT,
as personal representative of the
estate of Louis Clairmont, deceased,

    Plaintiff,

vs.

KING OCEAN SERVICES LIMITED
(CAYMAN ISLAND) INCORPORATED,
BERULAN SHIPPING COMPANY, LIMITED,
REEDEREI ANTARTICO MS "BERULAN"
Gmbh & Co KG, RICKMERS REEDERIE
GmbH & Cie KG, and PORT EVERGLADES
AUTHORITY,

    Defendants.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Cross-Claim Defendant Sun Terminals, Inc.'s Motion to Dismiss or in the Alternative for Summary Judgment [DE 125]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

    I.  Background

    Plaintiff, Chantell K. Clairmont ("Plaintiff" or "Clairmont"), the dependent surviving spouse and personal representative of Louis Clairmont ("decedent"), brings this five-count Complaint under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 905(a) ("LHWCA"). (Pl. Second Am. Compl. ¶ 2.)  This action arises out of an incident on March 25, 2006, in which the decedent was killed while working in the course of his employment as a

longshoreman for Sun Terminals, Inc. ("Sun Terminals" or "Cross-Claim Defendant") in Port Everglades, Florida.  While decedent was securing two of the four fastening points of a heavy ocean shipping container that was suspended from a gantry crane, the crane suddenly jerked, resulting in him being crushed between the container and the superstructure of the ship. (Pl. Second Am. Compl. ¶¶ 14-15).  Plaintiff seeks relief under the LHWCA against several entities, including King Ocean Services Limited Incorporated, the "bareboat charterer and disponent owner of the M/V Berulan," (Counts I,[1] II and III), Beru Shipping Company, the alleged alter ego of King Ocean, Reederei Antartico MS "Berulan," the registered owner of the M/V Berulan, Rickmers Reederie GmbH & Cie KG, the operator and manager of the M/V Berulan (Count IV), and the Port Everglades Authority, the owner of Port Everglades (Count V[2]).  (Pl. Second Am. Compl. ¶¶ 6, 8-10, 13.)   With respect to the Port Everglades Authority,[3] the Second Amended Complaint alleges that this Defendant breached its duty to exercise reasonable care when it failed to take action to prevent a crane from being operated by an incompetent operator and failed to monitor and intervene once the crane operation became erratic. (Second Am. Compl. ¶¶ 49-52.)

Sun Terminals provides terminal and operating services at Port Everglades, Florida. (Pl. Second Am. Compl. ¶ 7.)  At all times relevant to this Action, Port Everglades

---

[1] Plaintiff had sued Sun Terminals under Count I of the Second Amended Complaint, however, the Court dismissed Plaintiff's cause of action against Sun Terminals on August 21, 2007. (DE 101.)

[2] This count was mistakenly labeled "Count IV."

[3] In answering the Complaint on behalf of the Port Everglades Authority, Broward County states that the Port Everglades Authority is a non-existent entity that was dissolved by the Florida Legislature and subsequently became a department of Broward County. (Port Everglades Answer ¶ 1.) The Court will refer to this party as Port Everglades/Broward County.

Authority/Broward County and Sun Terminals had entered into a Franchise Agreement pursuant to which Sun Terminals was authorized to provide stevedore services, cargo handler services, and steamship agent services at Port Everglades. (Cross-Claim by Port Everglades/Broward County ("Cross-Claim") ¶ 17.) According to Port Everglades/Broward County's cross-claim, the relationship between Sun Terminals and Port Everglades/Broward County is governed by Port Everglades Tariff No. 11.[4] This tariff provides for Port Everglades/Broward County to be indemnified and defended by Sun Terminals. (Cross-Claim ¶ 18.) Additionally, Port Everglades/Broward County's cross-claim alleges that Sun Terminals failed to exercise reasonable care, to supervise properly the loading operation, to provide adequate communications between the crane and the ship, and to maintain adequate watch of the cargo operations. (Cross-Claim ¶ 20.)

Sun Terminals seeks a ruling, as a matter of law, that Tariff 11 does not provide for indemnity when a loss or liability arises due to the negligence of Port Everglades/Broward County as opposed to Sun Terminals. (Sun Terminals Mot. 6.) Port Everglades/Broward County concedes that it does not have an indemnity claim against Sun Terminals that would allow a recovery as a result of Port Everglades/Broward County's own negligence. (Resp. 3.) However, with respect to the motion to dismiss, Port Everglades/Broward County argues that it should be

---

[4] The relevant provision of this tariff provides in pertinent part: ". . . tenants and Port users shall protect, indemnify and hold harmless Broward County, its employees, officers, directors or agents from any and all losses, liabilities, costs, claims, charges, demands, expenses, penalties and damages including, but not limited to, reasonable attorney's fees to the extent caused by negligence, recklessness or intentionally wrongful conduct of the tenant or Port user . . . . In the event that any action or proceeding is brought against Broward County by reason of any such claim or demand, tenant or Port user shall, upon written notice from Broward County, resist and defend such action or proceeding by counsel satisfactory to Broward County." (Tariff 11, Cross-Claim ¶ 11.)

defended and indemnified if it is sued and the injury is the result of the negligence of Sun Terminals or if the Court finds that Port Everglades/Broward County has no duty as a matter of law to Plaintiff. (Resp. 4.)

With respect to Sun Terminal's alternative Motion for Summary Judgment, Port Everglades/Broward County claims that it cannot be resolved without addressing Port Everglades/Broward County's Motion for Summary Judgment against Plaintiff. Specifically, Port Everglades/Broward County claims that if its motion for summary judgment is granted, it has a claim against Sun Terminals for costs, expenses and attorney's fees and states that a cross-claim for the negligence of Sun Terminals remains. (Resp. 9.) Sun Terminals disagrees, stating that Plaintiff's Complaint sued Port Everglades/Broward County for negligence, thus any damages assessed in Plaintiff's favor would arise only from Port Everglades/Broward County's negligence. (Reply 4.) Finally, Sun Terminals argues that it is not liable for any defense costs incurred by Port Everglades/Broward County. (Reply 5.)

II. Legal Standard

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to a state claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965. "While

a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

>       III.  Discussion

In deciding this motion, the Court recognizes several facts that are pivotal to the resolution of this claim.  First, there is no dispute that any claim by Plaintiff against Port Everglades/Broward County for its own negligence does not give rise to an indemnity claim against Sun Terminals pursuant to Tariff 11.  Port Everglades/Broward County concedes as much. (Resp. 3.)  Second, Plaintiff's claim against Port Everglades/Broward County is for its alleged negligence and does not state a claim for vicarious liability that implicates Sun Terminals.

Based on those facts, and review of Florida law, the Court holds that Sun Terminals has no duty to defend Port Everglades/Broward County. Florida law is clear that "[i]n considering whether a party has a duty to defend an underlying lawsuit, the trial court is limited to reviewing the allegations raised in the underlying Complaint" and "[t]here is no duty to defend where the only claim raised against the party was a negligent claim for its own active negligence."  State of Fla. Dep't of Transp. v. Florida Keys Elec. Coop. Ass'n, 831 So. 2d 713, 714 (Fla. Dist. Ct. App. 2002) (internal citations, quotations and emphasis omitted); see also Jones v. Florida Ins. Guar.

Ass'n., 908 So. 2d 435, 443 (Fla. 2005) (duty to defend is determined from the allegations in the complaint). Thus, Sun Terminals has no duty to defend when the claim against Port Everglades/Broward County is for its own negligence.

With respect to the indemnity claim, Port Everglades/Broward County acknowledges that it cannot seek a claim for indemnity for its own negligence. (Resp. 8.) The only issue remaining then is whether Port Everglades/Broward County can seek indemnity for its costs, expenses and attorney's fees incurred in defending this action. If Port Everglades/Broward County is not entitled to indemnification from Sun Terminals, it is not entitled to recover from Sun Terminals the fees and costs incurred in defending against Plaintiff's claims. See SEFC Bldg. Corp. v. Block Five Ventures, Inc., 645 So. 2d 1116, 1117 (Fla. Dist. Ct. App. 1994) (when contract did not entitle a building owner to indemnification for its own negligence, it could not recoup attorney fees and costs from contractor for defending the main action even if it was established at trial that owner was not negligent).

Nonetheless, Port Everglades/Broward County argues that Sun Terminals must indemnify it for costs, expenses and attorney's fees if the Court or jury finds that Port Everglades/Broward County was not negligent but Sun Terminals' negligence resulted in decedent's death. Notably, Port Everglades/Broward County does not provide legal authority for this position. Even accepting this argument, the Court finds that there is no basis for Sun Terminals to remain in this case at this juncture given that Plaintiff's claim against Sun Terminals has been dismissed.[5] To

---

[5] Plaintiff's claim against Sun Terminals was dismissed because, as an employer, it met the requirements under the LHWCA for tort liability immunity. (Court's Order dated August 21, 2007, DE 101.) An action for contractual indemnity against an employer, however, is not barred under the LHWCA. Smith v. United States, 980 F.2d 1379 (11th Cir. 1993).

the extent a valid cross-claim exists, it is not ripe and must await a determination of fault.

Thus, the Court dismisses without prejudice Port Everglades/Broward County's cross-claim against Sun Terminals.  This ruling, however, should not be construed to hold that the Court has determined that a valid cause of action exists against Sun Terminals by Port Everglades/Broward County.  Instead, the Court merely finds that such a claim, if it exists, is not ripe.

IV. Conclusion

Cross-Claim Defendant Sun Terminals, Inc.'s Motion to Dismiss [DE 125] is **GRANTED**.  The cross-claim is dismissed without prejudice.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of January 2008.

```
                                    _____
                                    KENNETH A.  MARRA
                                    United States District Judge
```

Copies to:

All counsel of record